## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| JOSEPH EARL SMITH, | Civil No. 04-4749  (JRT/JSM) |
| Petitioner, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| LISA J.W. HOLLINGSWORTH, WARDEN, | |
| Respondent. | |

Joseph Earl Smith, No. 47239-019-Unit-211, FPC Duluth, Box 1000, Duluth, MN 55814, petitioner *pro se*.

Joseph Walbran, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for respondent.

Petitioner Joseph Earl Smith, an inmate currently serving a 75-month sentence, filed an application for habeas corpus relief pursuant to 28 U.S.C. § 2241.  Petitioner contends that the Bureau of Prisons ("BOP") erroneously construed 18 U.S.C. § 3624(b)(1) in calculating his "good time credit."  The petition was referred to United States Magistrate Judge Janie Mayeron for a report and recommendation pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1(c).  The Magistrate Judge recommended that the petition be denied, finding that the Eighth Circuit Court of Appeals, while acknowledging that the "good time credit" statute is ambiguous, held that the BOP's interpretation of the

statute is reasonable and is entitled to deference under *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984).

This matter is now before the Court on petitioner's timely objections to the Report and Recommendation.  In his objections, petitioner alleges that because the "good time credit" statute is ambiguous, the rule of lenity should have been applied resulting in a ruling in petitioner's favor.  The Court has conducted a *de novo* review of petitioner's objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.1(c)(2).  For the following reasons, the Court overrules the petitioner's objections and adopts the Report and Recommendation of the Magistrate Judge.

*James v. Outlaw,* 126 Fed.Appx. 758 (8th Cir. 2005), addressed the precise issues in this case and held that although the "good time credit" statute is ambiguous, the BOP's interpretation of the statute is reasonable.  *James,* 126 Fed.Appx. at 759.  The position of the Eighth Circuit was confirmed in *United States v. Wittman*, 2005 WL 1663134, at *1, (8th Cir. July 18, 2005).  Therefore, the Magistrate Judge did not err in applying *James*. Moreover, numerous other federal courts have upheld the BOP's interpretation of the "good time credit" statute.  *See Perez-Olivio v. Chavez*, 394 F.3d 45, 51-52 (1st Cir. 2005); *White v. Scibana*, 390 F.3d 997 (7th Cir. 2004); *Pacheco-Camacho v. Hood*, 272 F.3d 1266 (9th Cir. 2001).  Therefore, the cases cited above are dispositive of petitioner's claim.

Petitioner argues that his interpretation of the "good time credit" statute should be preferred over the BOP's interpretation because the "good time credit" statute is a penal statute and, as such, any ambiguities under the statute should be resolved in his favor

under the rule of lenity. The rule of lenity arises out of concern for individual rights and a belief that defendants should be given fair warning as to what constitutes criminal conduct. *United States v. Marek*, 238 F.3d 310, 322 (5th Cir. 2001). It pertains to a narrow realm of criminal penalties and statutes imposed for criminal conduct. *Id.* Since § 3624(b) is not concerned with crimes and their punishment, it is not a penal statute for purposes of the rule of lenity. Furthermore, a court will not resort to the rule of lenity when the ambiguity of a statute can be otherwise resolved, as is the case in this instance. *See O'Donald v. Johns*, 402 F.3d 172, 173 (3d Cir. 2005); *Perez-Olivio v. Chavez*, 394 F.3d 45, 51-53 (1st Cir. 2005). Therefore, the rule of lenity does not apply in this case. *Wittman*, 2005 WL 1663134, at *1.

## ORDER

Based on the foregoing records, files, and proceedings herein, the Court **OVERRULES** Petitioner's objections [Docket No. 12] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Docket No. 10]. **IT IS HEREBY ORDERED** that Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Docket No. 1] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's motion to stay [Docket No. 9] is **DENIED** as moot.

The Clerk of Court is respectfully directed to mail a copy of this Order to the petitioner.


DATED: August 26, 2005                         s/John R. Tunheim
at Minneapolis, Minnesota.                    JOHN R. TUNHEIM
                                              United States District Judge